CLYDE W. GRAHAM *et al.*, Plaintiff-Appellant, *v.* ARNOLD GLASS, Defendant-Appellee.

(No. 56257;

First District—September 25, 1972.

Norman Wexler, of Chicago, for appellant.

Howard and French, of Chicago, (Richard G. French, Stuart N. Litwin, and Gary E. Dienstag, of counsel,) for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Clyde W. Graham brought an action seeking damages for injuries sustained as the result of a motor vehicle collision. A verdict for plaintiff in the amount of $1650 was returned. Defendant's post trial motion for judgment notwithstanding the verdict was granted. Plaintiff appeals.

On February 26, 1966, at about 3:00 P.M., plaintiff on duty as a patrolman in the Evanston Police Department, was operating his motorcycle in a southerly direction on Asbury Street approaching its intersection with Main Street in the City of Evanston. He testified that as the traffic control signal changed from red to amber, he observed another vehicle turning right from Main and proceeding in a southerly direction on Asbury at a high rate of speed. He pursued the vehicle and at a point approximately a block and a half south of Main, clocked it at forty-one miles per hour. He stated that he had his siren and flashing red light on at the time.

While these events were transpiring, defendant was proceeding in a westerly direction on Cleveland approaching its intersection with Asbury. The northbound traffic on Asbury was heavy. Plaintiff first observed defendant's vehicle from a distance of about seventy feet, at which time it was in the intersection with the front portion even with Asbury's center dividing line. Plaintiff stated that when he first observed defendant's vehicle, he thought he would be able to go around it by swerving into the northbound lane. He further testified that because the defendant had stopped his vehicle, and the northbound traffic blocked the way, he cut his motorcycle sharply to the right and collided with the right front portion of defendant's car. At the time of the collision, the front of defendant's vehicle was approximately four feet over the center line of Asbury.

Two occurrence witnesses testified for plaintiff, Dr. Marvin Mann and Howard Eschenburg. Dr. Mann stated that he first observed plaintiff's motorcycle when it was approximately 150 to 200 feet north of the Asbury-Cleveland intersection and that the motorcycle's emergency lights and siren were on. Eschenburg testified that he was driving his automobile in a northerly direction on Asbury and that he was approximately three car lengths south of the Cleveland intersection. He was not certain as to whether he observed the motorcycle's flashing lights and he did not hear the siren because his car windows were rolled up.

Defendant's wife testified that she and her husband were driving in a westerly direction on Cleveland. When they arrived at its intersection with Asbury their car stopped for about ten seconds and then proceeded. When the front of their car reached the center dividing line on Asbury she observed the approaching motorcycle and told her husband to "look out." The defendant applied his brakes but the motorcycle collided with the right front of their car. When she first observed the motorcycle it was traveling at a high rate of speed. At the time of the collision defendants' car was stopped.

Roger Johnson testified that he was following directly behind plaintiff's motorcycle in his car just prior to the collision. Although his car windows were down he did not hear any sirens. It was Johnson's opinion the plaintiff's motorcycle was traveling at a speed of fifty to sixty miles per hour just prior to the collision. William Rantz testified that he was a passenger in Roger Johnson's car and that although the car windows were open he did not hear the motorcycle siren or observe its lights. According to this witness defendant proceeded slowly from the stop sign at Asbury and Cleveland into the intersection toward the center of the street. This witness stated that at the time of the collision defendant's automobile was stopped in the middle of Asbury, its front a few feet over the center line.

Defendant testified that when he first observed the motorcycle it was approximately seventy to eighty feet away and that he did not recognize it as a police motorcycle. According to the defendant his vehicle was stopped at the time of the collision.

The evidence depositions of Journ Elizabeth Claussen and Inger Lahlum were read. At the time of the collision these witnesses were walking in a southerly direction on Asbury and although they did not witness the collision, they heard the screeching brakes and the sound of the impact. Neither heard any siren or observed any light on the motorcycle prior to the collision. Asbury Street is forty-five feet two inches wide at the intersection.

Plaintiff contends that the evidence, when viewed in its aspect most favorable to him does not support the judgment notwithstanding the verdict. We do not agree.

■ A judgment notwithstanding the verdict should be entered only in a case in which all of the evidence viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria and Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504.

■■ In the case at bar, the record indicates that defendant, upon reaching the center line of Asbury, stopped his vehicle and yielded the right-of-way to plaintiff. Considering the evidence in its aspect most favorable to the plaintiff, the only conclusion which can be reasonably drawn is that the collision did not result because of any negligent act of defendant. The court was right in granting defendant's motion for judgment notwithstanding the verdict. The judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and LYONS, J., concur.